# EXHIBIT 8

John C. Garde (014171986)
**McCARTER & ENGLISH LLP**
100 Mulberry Street, Four Gateway Center
Newark, New Jersey 07102
Tel. 973-622-4444
Attorneys for Defendants
*Johnson & Johnson and*
*Johnson & Johnson Consumer Inc.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **RICARDO RIMONDI** and **PILAR RIMONDI**, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO: MID-L-02912-17 AS |
| Plaintiffs, : | |
| | ASBESTOS LITIGATION |
| v, : | CIVIL ACTION |
| | |
| BASF CATALYSTS LLC, *et al.*, : | **DEFENDANTS JOHNSON & JOHNSON CONSUMER INC. AND JOHNSON & JOHNSON'S JANUARY 2019 AMENDED SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES AND INITIAL REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Johnson & Johnson Consumer Inc. ("JJCI") and Johnson & Johnson (collectively, "Defendants"), by and through their attorneys, hereby provide their January 2019 Amended Supplemental Responses ("Responses")[1] to Plaintiffs' Supplemental Interrogatories ("Interrogatories") and Initial Requests for Production of Documents ("Requests") stating as follows:

---

[1] These Responses supersede prior responses to these Interrogatories and Requests.

1

## INTRODUCTORY STATEMENT TO RESPONSES TO INTERROGATORIES AND REQUESTS

Plaintiffs' action concerns alleged exposure to Johnson's® Baby Powder cosmetic talc products sold in the United States ("JBP").[2] JBP have been manufactured and sold at various periods of time by one or more of the Defendants and/or their predecessors, subsidiaries and affiliates (the "J&J Companies"). JJCI is currently the entity primarily responsible for the formulation, manufacture, testing, marketing and sale of Johnson's® Baby Powder. Johnson & Johnson is a holding company that does not design, manufacture, market or sell Johnson's® Baby Powder (or any other product).[3] Accordingly, the overwhelming majority of documents and information regarding JBP are in the possession of JJCI.

Johnson's® Baby Powder has been sold for over a century and continues to be sold today. Over the many decades that JBP has been sold, different entities, departments, and employees – as well as third parties – have had responsibilities for various activities pertaining to these products, including, but not limited to activities relating to formulation, manufacture, testing, marketing and sale. Many of Plaintiffs' claims relate to such activities which took place in the mid to late 1900s and therefore many of the individuals who were involved in or had first-hand knowledge of such activities have died or are no longer employed by any of the J&J Companies.

---

[2] Defendants' Document Production (as defined herein) also includes documents regarding Shower to Shower® cosmetic talc products sold in the United States. One or more of the J&J Companies (as defined herein) manufactured, marketed, and sold Shower to Shower® during the period from approximately 1960 to 2012. In 2012, Shower to Shower® was sold to Valeant Pharmaceuticals International, Inc. ("Valeant"), which currently manufactures, markets and sells the product.

[3] For this reason, Defendants object to Plaintiffs' collective allegations against JJCI and Johnson & Johnson on the grounds that they are factually and legally incorrect and improper. By making this response, Defendants do not concede that Johnson & Johnson is a proper defendant in this action.

In connection with personal injury actions against Defendants alleging exposure to JBP (including actions alleging that such exposure caused ovarian cancer, mesothelioma, or other diseases), Defendants have conducted reasonable searches at various times over the course of many years to identify, collect and produce documents that relate in a reasonably direct manner to Plaintiffs' allegations concerning JBP.  Although Defendants' searches generally have been broad in scope, over the last several years, Defendants have expanded their searches to take into account, among other factors, the development of the claims and defenses in talc personal injury actions, discovery requests propounded on Defendants, and the overall increase in number and scope of talc personal injury actions against Defendants.  In addition, in late 2017, Defendants re-visited sources from which documents were previously collected and made additional efforts to identify documents that may not have been identified in connection with earlier searches.[4]  Responsive documents identified in connection with all of the foregoing search efforts are being produced in this action, subject to the entry of a Protective Order in this action (the "Document Production").

Included within the scope of Defendants' Document Production are documents concerning the talc and talcum powder used in JBP (talc mining and the fabrication and processing of talc powder, including sampling, testing and other quality control measures) as well as documents concerning the following activities and/or subject matters: research, formulation, specification, manufacture, quality control, labeling, sales, regulatory, adverse event reports, health and safety-related testing, and other consideration of health and safety issues

---

[4] Because many of the documents collected in connection with the late 2017 search efforts were historic paper documents, reasonable methods of de-duplicating such documents against those previously produced are not available and, as a result, Defendants expect that many documents added to the production in connection with the late 2017 search efforts are duplicative of documents previously produced.

reasonably related to JBP. Also included in the Document Production are documents that may pertain to Johnson's® Baby Powder sold outside the United States to the extent that they reasonably relate to testing regarding asbestos or ovarian cancer. Reasonable efforts also have been made to include in Defendants' Document Production documents produced by Defendants (including documents obtained from certain third parties) in all personal injury actions against Defendants involving JBP.[5]

In addition, Plaintiffs have served a number of sets of discovery (including these Requests and Interrogatories) that relate to the alleged sale of Johnson's® Baby Powder in the Peru ("Foreign-Related Discovery"). Notwithstanding the breadth and scope of the foregoing searches, Defendants have undertaken additional investigation in connection with the Foreign-Related Discovery. Defendants conducted additional reasonable searches specifically focused on the types of information and documents sought in connection with the Foreign-Related Discovery pertaining to Plaintiffs' alleged exposure periods of 1960 to 1992 in Peru. Defendants have identified additional responsive documents which have been added to the Document Production, as described in the April 26, 2018 letter to Mr. Cotilletta.

By referring Plaintiffs in certain of their Responses to the materials described above, Defendants are not stating, with respect to each and every Interrogatory or Request that they have or have had responsive information or documents, that they agree with the characterizations contained in the Interrogatories or Requests, or that all documents that may contain information responsive to each and every Interrogatory and Request are included in the materials described above. Rather, by such reference, including descriptions of what documents Defendants have a

---

[5] Defendants are making such documents available without waiver of their right to object to the authenticity and/or admissibility of such documents on any ground, including but not limited to, hearsay, lack of relevance and undue prejudice. To the extent that Defendants identify additional responsive documents in connection with this or other personal injury actions against Defendants involving exposure to JBP, they will supplement their Document Production and make them available in this case.

reasonable and good faith belief would be included in the Document Production, Defendants are stating that, if they have documents with responsive information, they have taken reasonable steps to identify those documents and include them in the Document Production.

Defendants' Document Production is in a reasonably usable, fully searchable form and Plaintiffs can identify specific documents that may be responsive to particular Interrogatories or Requests based on their own interpretation of such Interrogatories or Requests. Nevertheless, in response to certain Interrogatories and Requests that are reasonably narrow in scope and specific, Defendants have identified in their Responses by way of example Bates numbers of documents that they have a reasonable and good faith belief are responsive to such Interrogatories and Requests, based on their interpretation of those Interrogatories and Requests. Such references are not intended to be a comprehensive listing of each and every document that may be responsive to an Interrogatory or Request.

In addition, Defendants have made additional reasonable and good-faith efforts to identify documents in their Document Production that relate in a reasonably direct manner to certain topics ("Topics"). In developing the Topics, Defendants have taken into account the claims and defenses in talc personal injury litigation, as well as specific discovery requests Defendants have received. The Topics are identified below and the documents relating to such Topics will be identified in a spreadsheet that accompanies the Document Production. By providing such information to Plaintiff, Defendants are not stating that every document in the Document Production that may relate in some way to a Topic has been identified on the spreadsheet, but rather that Defendants have taken reasonable steps to identify such documents. The Topics are as follows:

1. Talc Sources (Mines/Mills/Suppliers)

2. Manufacturing

3. Testing

4. Formulas/Product Specifications

5. Packaging Specifications/Labelling

6. Advertisements

7. Marketing

8. Sales/Distribution

9. Studies/Medical Literature

10. Adverse Events/Complaints/Workers' Comp Files

11. Warnings

12. Discussion of Health and/or Safety

13. Regulatory and Government Communications

14. Trade Associations

15. Cornstarch and Non-Talc Powder Formulations

16. Corporate History/Structure (Annual Reports, 10-Ks, Histories, Corporate Structure Documents).

Pursuant to New Jersey Rule of Court 4:10-2(e)(2), any production of documents or disclosure of information protected by any privilege, immunity, or doctrine, and/or any production of a confidential document or confidential information, is not intended as, and shall not be construed as, a waiver.

These Responses are made in a good faith effort to supply factual information and specify legal contentions that are presently known. Defendants reserve the right to supplement and/or amend their Responses based on information or documents discovered in connection with

ongoing investigation, discovery and/or trial preparation in accordance with the New Jersey Rules of Court.

### GENERAL OBJECTIONS TO INTERROGATORIES AND REQUESTS

Defendants generally object to Plaintiffs' Interrogatories and Requests, including but not limited to the Instructions and Definitions, to the extent that they seek to impose obligations beyond those set forth in the New Jersey Rules of Court, this Court's Local Rules, Case Management Orders or other orders entered by this Court in connection with this case, or any other applicable law or rules. Defendants object to the definitions of the terms "defendant", "you", "your", and "your company" on the grounds that they are compound, vague, ambiguous, and overbroad insofar as these terms as defined would refer to entities acting without any authority from Defendants. Defendants object to the definitions of the terms "asbestos", "asbestos product" and "asbestos-containing product" on the grounds that they are compound, vague, ambiguous, and overbroad insofar as they purport to include products beyond those at issue in this litigation. Furthermore, they are as vague and ambiguous to the extent it fails to distinguish between raw asbestos, asbestos contained in different types of products or product components, and/or different types of asbestos fibers. Defendants never mined raw asbestos or manufactured any asbestos-containing products. Defendants object to the definitions of the term "Talc" on the grounds that it is vague, ambiguous, and overbroad insofar as it purports to include both industrial and cosmetic talc. JBP only contained cosmetic talc. Defendants object to the definitions of the terms "talc product" and "talc-containing product" on the grounds that they are compound, vague, ambiguous, and overbroad insofar as they purport to include products beyond those at issue in this litigation. Further, Defendants generally object to the extent that Plaintiffs' Interrogatories and Request seek information and/or documents unrelated to JBP. In addition,

Defendants generally object to Plaintiffs' Interrogatories and Requests to the extent that they seek "all" information or "all documents" regarding a particular subject matter (or similarly broad language) on the grounds that such Interrogatories and Requests (a) are vague and ambiguous, (b) are overly broad, (c) seek information and/or documents that are not relevant under Rule 4:10-2(a), (d) are unduly burdensome, and (e) seek information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or both, as well as any other privilege or protection recognized by law.

### **SPECIFIC OBJECTIONS THAT APPLY TO MULTIPLE INTERROGATORIES AND REQUESTS**

Several of Defendants' objections apply to more than one Interrogatory or Request. To avoid repetition of objections that may apply to several of the Interrogatories and Requests, those objections are set forth in the form of numbered paragraphs below. Where applicable, these objections are specifically incorporated by reference to paragraph number—e.g., "Specific Objection No. 2"—in Defendants' Responses to particular Interrogatories and Requests below.

1. <u>Privilege</u>: Defendants object to Plaintiffs' Interrogatories and Requests to the extent that they seek information and/or documents protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, the self-critical analysis privilege, and/or any other privilege recognized by law.

2. <u>Confidential, commercially sensitive and proprietary information</u>: Defendants object to Plaintiffs' Interrogatories and Requests to the extent they seek information and/or documents that are confidential, commercially sensitive and proprietary, including but not limited to information and/or documents relating to their products' design, testing, and manufacturing. Defendants state that they are not withholding documents based on this objection, but rather are producing such documents subject to the protective order entered in this

action. In addition, Defendants may redact certain of the information described above from such documents and produce them in a redacted form.

3. <u>Personal Information</u>: Defendants object to Plaintiffs' Interrogatories and Requests to the extent they seek personal or private information and/or documents containing personal or private information about individuals other than Plaintiffs, including, but not limited to, home addresses and phone numbers of Defendants' current and former employees and identifying information (including but not limited to medical information) regarding other consumers of Defendants' products. This information is not relevant, privileged, private, and/or confidential, and Defendants are required by law to protect some or all of it from disclosure. Defendants state that they are not withholding documents containing personal information based on this objection, but rather are redacting personal information from documents and producing them in a redacted form.

4. <u>Unreasonable Scope</u>: Defendants object to Plaintiffs' Interrogatories and Requests to the extent that they are unreasonable, overly broad, unduly burdensome, and not proportional to the needs of the case (including but not limited to insofar as they are completely unlimited as to time period or are not limited to a reasonable time period) on the grounds that such Interrogatories and Requests violate Rule 4:10-2 of the New Jersey Rules of Court.

5. <u>Foreign Entities</u>: Defendants object to Plaintiffs' Interrogatories and Requests as unduly burdensome and not proportional to the needs of the case because they seek to require Defendants to obtain detailed information and documents from independent foreign entities that may have manufactured, distributed, or sold Johnson's® Baby Powder in the Peru.

6. <u>Discovery Regarding Relationship Among Corporate Entities</u>: Plaintiffs object to those Interrogatories and Requests that seek information regarding the relationship among

9

different Johnson & Johnson entities on the grounds that such requests are unduly burdensome and oppressive and the information sought is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. While the Johnson & Johnson (J&J) Defendants deny any liability in this action, to the extent any J&J entity is found liable, Johnson & Johnson Consumer Inc. (JJCI) is the entity that will accept such liability, regardless of whether it was the J&J entity that manufactured, marketed or sold the product(s) at issue for the entirety of Plaintiff's exposure to those products, and without waiver of its position that each J&J subsidiary and affiliate is a separate and distinct entity.

Subject to the qualifications set forth in the Introductory Statement and without waiver of the objections stated above, Defendants respond to the individual Interrogatories and Requests as follows.

## ANSWERS TO SUPPLEMENTAL INTERROGATORIES

INTERROGATORY NO. 1:

State the full name, address, telephone number and position of all corporate officers or other persons representing, providing information or otherwise assisting you in answering these interrogatories.

ANSWER TO INTERROGATORY NO. 1:

These responses are served on behalf of Defendants JJCI and Johnson & Johnson. Defendants' attorneys prepared these responses after consultation with Defendants, review of documents, and consideration of information that has been developed in the litigation. These responses are verified by authorized agent(s) of Defendants as required by the applicable rules. The verification form will identify the individual making the verification.

To the extent that this Interrogatory seeks additional or different information, Defendants object on the grounds stated in Specific Objection No. 1 and 4.

To the extent that this Interrogatory seeks additional or different information, Defendants object on the grounds stated in Specific Objection No. 4.

INTERROGATORY NO. 15:

Do you maintain a database, compilation, summary and/or records of your sales of cosmetic or personal hygiene products? If yes, please provide a detailed description of same and the addresses where these are maintained and the name and address of their custodian(s).

ANSWER TO INTERROGATORY NO. 15:

By agreement of the parties at an April 26, 2018 meet-and-confer between Plaintiffs' counsel and Defendants' counsel, Defendants are providing an amended response to this Interrogatory with respect to JBP only. Defendants state that they have a reasonable and good faith belief that the materials described in the Introductory Statement include documents containing available information regarding sales of JBP in the United States, including but not limited to the following: JNJTALC000849720 to JNJTALC000849726 and JNJTALC000849728 to JNJTALC000849770.

To the extent that this Interrogatory seeks additional or different information, Defendants object on the grounds stated in Specific Objection No. 4.

INTERROGATORY NO. 16:

Identify where your cosmetic or personal hygiene products, including, but not limited to, those identified by Plaintiffs or any other fact witness in this case, were manufactured, assembled and distributed and by whom (name and address).

ANSWER TO INTERROGATORY NO. 16:

By agreement of the parties at an April 26, 2018 meet-and-confer between Plaintiffs' counsel and Defendants' counsel, Defendants are providing an amended response to this

Interrogatory with respect to JBP only. Defendants state that they have a reasonable and good faith belief that the following entities were responsible for the manufacture and distribution of JBP during approximately the following periods:

- 1894-1972  Johnson & Johnson

- 1972-1979  Johnson & Johnson Baby Products Company, a Division of Johnson & Johnson (*See* JNJTALC000471083-JNJTALC000471089).

- 1979-1981  Johnson & Johnson Baby Products Company (*See* JNJTALC000471090-JNJTALC000471103).

- 1981-1988  Johnson & Johnson Baby Products Company (a distinct entity from the above) (*See* JNJTALC000533370-JNJTALC000533377; JNJTALC000533378-JNJTALC000533380).

- 1988-1997  Johnson & Johnson Consumer Products, Inc. (*See* JNJTALC000533381-JNJTALC000533385; JNJTALC000533386-JNJTALC000533387).

- 1997-2015  Johnson & Johnson Consumer Companies, Inc.

- 2015-present  Johnson & Johnson Consumer Inc. (*See* JNJTALC000471104-JNJTALC000471107; JNJTALC000471108-JNJTALC000471109).

To the extent that this Interrogatory seeks additional or different information, Defendants object on the grounds stated in Specific Objection No. 4.

INTERROGATORY NO. 17:

Identify each person, business or other entity in the chain of distribution of your cosmetic or personal hygiene products, including, but not limited to, those identified by Plaintiffs